IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MELMAR N. CARLOS,<br><br>       Appellant-Debtor,<br><br>   vs.<br><br>HLS 10-1075 SERIES 2, LLC,<br><br>       Appellee-Creditor. | CIVIL NO. 13-00161 DKW-RLP<br>BANKRUPTCY CASE NO. 12-01243<br><br>ORDER AFFIRMING BANKRUPTCY<br>COURT'S FINAL ORDER<br>OVERRULING OBJECTION TO<br>PROOF OF CLAIM |

## ORDER AFFIRMING BANKRUPTCY COURT'S FINAL ORDER OVERRULING OBJECTION TO PROOF OF CLAIM

Before the Court is Appellant-Debtor Melmar Carlos' appeal of the

bankruptcy court's March 22, 2013 final order ("Order") overruling Carlos'

objection to the proof of claim filed by HLS 10-1075 Series 2, LLC ("HLS").[1]

Because the bankruptcy court did not issue any clearly erroneous factual findings,

---

[1]This Court has jurisdiction over Carlos' appeal pursuant to 28 U.S.C. §§ 158(a), (c)(1)(A); *see also Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir. 1998), *citing with approval*, *Bank of Lafayette v. Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993) (holding that an order allowing a claim in bankruptcy is a final judgment).

and did not err as a matter of law, *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010), the Order is hereby AFFIRMED.

## BACKGROUND

On March 10, 2006, Carlos and his wife borrowed monies from MortgagePointer.com, Inc. to purchase a home located in Kona, Hawaii.   The loan documents included a Note and Mortgage that were first assigned to Option One Mortgage Corporation ("Option One"), then to Arch Bay Holdings, LLC – Series 2008B ("Arch Bay") and finally to HLS.   HLS is the current holder of the Note, which is endorsed in blank.

Carlos has been in default on his loan payments under the Note since July 2008.   On April 19, 2012, HLS initiated a foreclosure action in Hawaii state court and served the complaint on or about May 25, 2012.   On June 13, 2012, Carlos filed for chapter 13 bankruptcy protection, thereby staying HLS' foreclosure action.   On July 30, 2012, HLS filed a proof of claim in the bankruptcy proceeding, reflecting the balance due on Carlos' loan.   Carlos objected to HLS' proof of claim on February 14, 2013, an objection which the bankruptcy court overruled, following

a March 14, 2013 hearing, by Order dated March 22, 2013.   This appeal and United States District Court election ensued.[2]

## DISCUSSION

There are two bases underlying Carlos' appeal.   First, Carlos claims that HLS has no standing to assert a claim in bankruptcy because it is not a "holder in due course."   Appellant's Brief at 6-7.   Second, he claims that one of the Assignments, through which HLS obtained its interest in Carlos' Note and Mortgage, is fraudulent.   *Id*. at 5-6.   Both assertions lack merit.

HLS need not be a "holder in due course" in order to assert a claim in bankruptcy.   "Holder in due course" status is only significant in determining what contract defenses might be available to HLS, an issue that is not material for purposes of this appeal.   *Labossiere v. GMAC Mortgage*, 2010 WL 2836107, at *3 (D. Idaho July 16, 2010); *see also* Haw. Rev. Stat. § 490:3-305(b).   Contrary to Carlos' assertions, the bankruptcy court never determined HLS to be a "holder in due course."   *See* Appendix at 238-242 (transcript of March 14, 2013 hearing). Rather, the bankruptcy court correctly and repeatedly identified HLS as a

---

[2]The bankruptcy court dismissed Carlos' Chapter 13 filing by order dated April 23, 2013.

"holder"[3]—a status in the mortgage context sufficient to permit the filing of a bankruptcy claim.   *Id*.; Appendix at 176-187; *see* Haw. Rev. Stat. §§ 490:1-201(b), 490:3-109(a)(2), 490:3-301; *Paik-Apau v. Deutsche Bank National Trust Co*., 2012 WL 5207495, at *5 (D. Haw. Oct. 19, 2012), *reconsideration denied*, 2012 WL 6569289 (D. Haw. Dec. 14, 2012) ("holder" of note endorsed in blank is entitled to enforce it).

Nor, as the bankruptcy court found, has Carlos established the viability of a fraud claim with regard to the Arch Bay assignment.   More specifically, Carlos claims that the assignment from Option One to Arch Bay appears to have been backdated and was otherwise fraudulent because it refers to two entities— including Arch Bay—which did not exist at the time of the March 27, 2006 assignment. Carlos asserts that the bankruptcy court should, at a minimum, have investigated his fraud claims further with an evidentiary hearing.   Carlos, however, has no standing to challenge the assignment between Option One and Arch Bay.   *Paik-Apau,* 2012 WL 5207495, at *4; *Federal National Mortgage Association v. Kamakau*, 2012 WL 622169, at *4 & *5 n. 5 (D. Haw. Feb. 23, 2012) (explaining that a borrower cannot challenge an assignment to which he was not a party); *Abubo v. Bank of New York*

---

[3]Indeed, even Carlos does not claim that HLS is not a "holder."   *See* Appellant's Brief at 6-7.

*Mellon*, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011).   Furthermore, even if

he did, Carlos has not even attempted to show reliance on the allegedly fraudulent

assignment, much less provided the Court with any evidence of it.   Reliance is a

prerequisite for any fraud claim.[4]

## CONCLUSION

On the basis of the foregoing, including the absence of any factual or

legal error, this Court hereby AFFIRMS the bankruptcy court's March 22, 2013

Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, January 6, 2014.



Derrick K. Watson
United States District Judge

---

Carlos v. HLS 10-1075 Series 2, LLC; CV 13-00161 DKW/RLP; ORDER
AFFIRMING BANKRUPTCY COURT'S FINAL ORDER OVERRULING
OBJECTION TO PROOF OF CLAIM

---

[4]A fraud claim requires: "(1) false representations [] by defendants, (2) with knowledge of their
falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance
upon these false representations, and (4) plaintiff did rely upon them."   *Shoppe v. Gucci Am., Inc.*,
94 Hawai'i 368, 386, 14 P.3d 1049, 1067 (2000) (internal quotation marks and citations omitted).